**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOPHIA RACHELLE WILSON, | No. 17-15018 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02407-JJT |
| v. | |
| STREAM GLOBAL SERVICES - AZ INCORPORATED; UNKNOWN PARTIES, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted November 26, 2018[**]

Before: TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Sophia Rachelle Wilson appeals pro se from the district court's summary judgment in her action alleging federal and state law claims against her former employer. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Wilson's race discrimination claim under Title VII because Wilson failed to raise a genuine dispute of material fact as to whether defendant's legitimate, non-discriminatory reasons for its actions were pretextual. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 640–42 & n.5 (9th Cir. 2004) (setting forth the burden shifting framework for Title VII employment discrimination claims).

The district court properly granted summary judgment on Wilson's hostile work environment claim under Title VII because Wilson failed to raise a genuine dispute of material fact as to whether defendant's conduct created a hostile work environment. *See id.* at 642 (setting forth elements of a hostile work environment claim under Title VII).

The district court properly granted summary judgment on Wilson's retaliation claim under 42 U.S.C. § 1981 because Wilson failed to raise a genuine dispute of material fact as to whether there was a causal connection between her protected activity and placing Wilson on job performance success plans. *See Manatt v. Bank of Am., N.A.*, 339 F.3d 792, 800–01 (9th Cir. 2003) (setting forth elements of a retaliation claim under § 1981).

17-15018

The district court properly granted summary judgment on Wilson's intentional infliction of emotional distress claim because Wilson failed to raise a genuine dispute of material fact as to whether conduct by defendants was extreme and outrageous, or that defendants intended to cause her emotional distress. *See Bodett v. CoxCom, Inc.*, 366 F.3d 736, 746 (9th Cir. 2004) (setting forth elements of a claim of intentional infliction of emotional distress under Arizona law).

We reject as without merit Wilson's contentions that the district court improperly made credibility determinations, did not consider evidence, or failed to provide Wilson with an opportunity to remedy various issues with her filings or properly argue her case.

In summary, the record amply supports the district court's analysis of Wilson's case:

> Despite the Plaintiff's lack of citation and compliance with local rules, the Court has searched the entirety of the record endeavoring to discern the existence of a triable issue. Having found none, even when viewing the record in the light most favorable to the Plaintiff, the Court finds Plaintiff's claims untenable, with no genuine issue of material fact as to any of the vital elements of her claims. At bottom, all of Plaintiff's claims fail for one reason: after the Defendant met its initial burden of demonstrating the absence of a genuine issue of material fact, *see Celotex*, 477 U.S. 317, Plaintiff failed entirely to counter with a showing of evidence

17-15018

sufficient to provide a reasonable jury with a basis to rule in her favor. *See Anderson*, 477 U.S. at 249-50, 254. Plaintiff's evidence to substantiate her claims consists largely of unauthenticated and inadmissible documents, inadmissible hearsay, unsupported and improbable inferences, and unsubstantiated testimony and attestations.

We agree with the district court.

**AFFIRMED.**

17-15018